1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

JOEL G. ARNOLD,

NO.  C13-1320-RAJ-JPD

9

Plaintiff,

10

v.

11

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

REPORT AND
RECOMMENDATION

12

13

Defendant.

14

Plaintiff Joel G. Arnold appeals the final decision of the Commissioner of the Social

15

Security Administration ("Commissioner") which denied his applications for Disability

16

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

17

of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

18

administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that

19

the Commissioner's decision be REVERSED and REMANDED for additional administrative

20

proceedings.

21

I.      FACTS AND PROCEDURAL HISTORY

22

At the time of the administrative hearing, plaintiff was a 37 year old man with a high

23

school education and some college.  Administrative Record ("AR") at 34-36.  His past work

24

experience includes employment as a bar tender, deli clerk, delivery driver, and maid.  AR at 37, 39-41.  Plaintiff was last gainfully employed in 2006.  AR at 37.

On August 5, 2010, he filed an application for DIB, alleging an onset date of August 10, 2008.  AR at 141-44.  On August 31, 2010, plaintiff filed a claim for SSI payments.  AR 139-40.  Plaintiff asserts that he is disabled due to HIV infection, bipolar disorder, and methamphetamine addiction.  AR at 30-31, 166.

The Commissioner denied plaintiff's claim initially and on reconsideration.  AR at 12.  Plaintiff requested a hearing which took place on March 2, 2012.  AR at 27-61.  On April 27, 2012, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on her finding that plaintiff could perform a specific job existing in significant numbers in the national economy.  AR at 9-22.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. No. 1.

## II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

REPORT AND RECOMMENDATION - 2

1    (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

2    medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*,

3    53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

4    whole, it may neither reweigh the evidence nor substitute its judgment for that of the

5    Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

6    susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

7    must be upheld.  *Id.*

8            The Court may direct an award of benefits where "the record has been fully developed

9    and further administrative proceedings would serve no useful purpose."  *McCartey v.*

10   *Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292

11   (9th Cir. 1996)).  The Court may find that this occurs when:

12           (1) the ALJ has failed to provide legally sufficient reasons for rejecting the
             claimant's evidence; (2) there are no outstanding issues that must be resolved
13           before a determination of disability can be made; and (3) it is clear from the
             record that the ALJ would be required to find the claimant disabled if he
14           considered the claimant's evidence.

15   *Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that

16   erroneously rejected evidence may be credited when all three elements are met).

17                            IV.     EVALUATING DISABILITY

18           As the claimant, Mr. Arnold bears the burden of proving that he is disabled within the

19   meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th

20   Cir. 1999) (internal citations omitted).  The Act defines disability as the "inability to engage in

21   any substantial gainful activity" due to a physical or mental impairment which has lasted, or is

22   expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§

23   423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if his impairments are

24   of such severity that he is unable to do his previous work, and cannot, considering his age,

REPORT AND RECOMMENDATION - 3

education, and work experience, engage in any other substantial gainful activity existing in the

national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-

99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for

determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step

one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R.

§§ 404.1520(b), 416.920(b).[1]  If he is, disability benefits are denied.  If he is not, the

Commissioner proceeds to step two.  At step two, the claimant must establish that he has one

or more medically severe impairments, or combination of impairments, that limit his physical

or mental ability to do basic work activities.  If the claimant does not have such impairments,

he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe

impairment, the Commissioner moves to step three to determine whether the impairment meets

or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d),

416.920(d).  A claimant whose impairment meets or equals one of the listings for the required

twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed

in the regulations, the Commissioner must proceed to step four and evaluate the claimant's

residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the

---

[1] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

V.      DECISION BELOW

On April 27, 2012, the ALJ issued a decision finding the following:

1.    The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2.    The claimant has not engaged in substantial gainful activity since August 10, 2008, the alleged onset date.

3.    The claimant has the following severe impairments:  HIV infection, affective disorder, and substance addiction disorder.

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.    I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can do simple and some complex tasks.

6.    The claimant is capable of performing past relevant work as a deli clerk, bartender, and maid.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

7.    The claimant has not been under a disability, as defined in the Social Security Act, from August 10, 2008, through the date of this decision.

AR at 14-22.

REPORT AND RECOMMENDATION - 5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## VI.     ISSUES ON APPEAL

The principal issues on appeal are:

1.        Whether the ALJ made a proper step three Listings determination.

2.        Whether the ALJ properly assessed plaintiff's mental impairments.

3.        Whether the ALJ properly considered plaintiff's substance use.

Dkt. No. 19 at 1.

## VII.     DISCUSSION

A.     <u>The ALJ erred at step three</u>

Plaintiff contends the ALJ's finding that he did not meet an HIV-related listed impairment was legally insufficient because the ALJ failed to make any specific findings.  He further contends that he meets or equals Listings 14.08D and 14.08F.

At step three, it is a claimant's burden to demonstrate that his impairments meet, or are equivalent to a listing.  *See Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5 (1987).  If a claimant's "impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step."  *Id.* at 141; *see also Tackett*, 180 F.3d at 1099; 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  "The listings define impairments that would prevent an adult, regardless of his [or her] age, education, or work experience, from performing *any* gainful activity, not just 'substantial gainful activity.'"  *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990) (quoting 20 C.F.R. § 416.925(a)) (emphasis in original)).  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  *Id.* at 530 (emphasis in original).  "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal

REPORT AND RECOMMENDATION - 6

in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." *Tackett*, 180 F.3d at 1099 (quoting 20 C.F.R. § 404.1526) (emphases in original).

"An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)).  Generally, "[a] boilerplate finding is insufficient to support a conclusion that a claimant's impairment [does not meet or equal a listed impairment]."  *Id.*  The ALJ is not required, however, to specifically state what evidence supports his or her step three conclusion, so long as the ALJ's "'evaluation of the evidence' is an adequate statement of the 'foundations on which the ultimate factual conclusions are based.'"  *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990) (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)); *see also Lewis*, 236 F.3d at 513 ("*Marcia* simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under [a particular heading in the decision].").  Remand is appropriate where the ALJ fails to adequately consider a listing that plausibly applies.  *See Lewis*, 236 F.3d at 514; *Marcia*, 900 F.2d at 176 (remanding for further proceedings where ALJ failed to adequately explain his evaluation of the alternative tests and the combined effects of the impairments).

Here, the ALJ found at step three that plaintiff "has no AIDS defining illness and the severity of his HIV does not meet the criteria of section 14.08."  AR 15.  Relevant here are Listings 14.08D(2) and (3) and 14.08F.  Listing 14.08D(2) may be met by a claimant who has HIV and herpes simplex virus causing:  (a) mucocutaneous infection (for example, oral, genital, perianal) lasting for 1 month or longer; or (b) infection at a site other than the skin or

REPORT AND RECOMMENDATION - 7

mucous membranes (for example, bronchitis, pneumonitis, esophagitis, or encephalitis); or (c) disseminated infection.  Listing 14.08D(3) requires HIV and herpes zoster disseminated or with multidermatomal eruptions that are resistant to treatment.  Listing 14.08F may be met by a claimant who has HIV and "[c]onditions of the skin or mucous membranes . . . , with extensive fungating or ulcerating lesions not responding to treatment (for example, dermatological conditions such as eczema or psoriasis, vulvovaginal or other mucosal *Candida*, condyloma caused by human *Papillomavirus*, genital ulcerative disease)."

        The ALJ's conclusory finding that plaintiff's HIV is not severe enough to equal a listed impairment is insufficient to satisfy the standards articulated by the Ninth Circuit. Specifically, the ALJ's decision does not establish that the ALJ evaluated the relevant evidence.  *See Lewis*, 236 F.3d at 512.  Although the ALJ discussed plaintiff's HIV—a necessary criteria for meeting Listing 14.08—she did not discuss evidence that is relevant to Listings 13.08D and F.  Listing 13.08D(2) requires a claimant to have herpes simplex virus, but the ALJ failed to mention plaintiff's "chronic" "herpetic infection," *see, e.g.*, AR 332 (2/6/08 chart note), 294 (7/21/09 chart note), 334 (8/20/10 chart note), or that he was diagnosed with a herpes lesion in December 2011, AR 487.  Similarly, the ALJ did not discuss the medical evidence that plaintiff has herpes zoster, a requirement for meeting Listing 13.08D(3). *See* AR 323-31 (herpes zoster outbreak from at least 2/21/08–3/7/08, resolved by 3/25/08), 319-20 (possible herpes zoster on 4/25/08), 259-67 (herpes zoster diagnosed on 3/28/10), 482 (possible herpes zoster on 11/21/11).  Finally, although the ALJ discussed at step two plaintiff's anal condylomas, which were likely the result of a poorly controlled human *Papillomavirus*, AR 244, and therefore relevant to Listing 13.08F, she incorrectly found that there was "no mention of recurrence" after they were surgically removed in May 2010, AR 15; in fact, there is evidence that they returned by June 2011, *see* AR 413-14, 476.  The ALJ

REPORT AND RECOMMENDATION - 8

should determine in the first instance whether this evidence meets or equals a listed impairment—not the Court.

The Commissioner argues that the ALJ's decision should be affirmed because her step three finding was "based upon a comprehensive summary of the medical evidence" and therefore satisfied the *Gonzalez* standard.  Dkt. No. 20 at 13-14.  To the contrary, as just discussed, the ALJ's summary of the medical evidence omitted discussion of evidence that is relevant to Listing 14.08.  The Commissioner also relies on *Ruff v. Sullivan*, 907 F.2d 915, 917-19 (9th Cir. 1990), to argue that the ALJ properly considered plaintiff's functional equivalence to the listings.  In *Ruff*, the Ninth Circuit held that if the Commissioner has concluded that a surviving spouse does not have a listed impairment, the Commissioner must also consider the surviving spouse's residual functional capacity in determining whether his or her disability was medically equivalent to a listed impairment.  *Id.* at 916.  *Ruff* is inapplicable here because the ALJ did not properly assess in the first instance whether plaintiff meets a listed impairment, and moreover, this is not a survivor's claim under 42 U.S.C. § 402(e).  The Commissioner next asserts that the medical listings in section 14.00 also consider a plaintiff's functioning.  Listings 14.08D and F, however, are not among those that include a standard for evaluating functional limitations.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, 14.00I; *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, 14.08.  Listing 14.00G mentions functional limitations, but this listing is only triggered if a claimant's impairments do not otherwise meet the requirements of a specific listing, and the ALJ has not properly made such a finding here.  Finally, the Commissioner maintains that the medical listings in section 14.00 consider whether a claimant has been compliant with treatment, and the ALJ found that plaintiff has frequently been noncompliant.  Listing 14.00G mentions medical treatment, but again, this listing is not

1    currently applicable because the ALJ has not yet properly determined whether plaintiff meets

2    the requirements of a listing.

3              The ALJ's failure to support her step three finding requires remand for further

4    proceedings. *See Lewis*, 236 F.3d at 514; *Marcia*, 900 F.2d at 176.  On remand, the ALJ shall

5    reconsider whether plaintiff's HIV meets or equals Listing 14.08 and support her finding with

6    a legally sufficient discussion of the medical evidence.  The ALJ is directed to develop the

7    medical record further if she deems it appropriate.  If necessary, the ALJ should reassess

8    plaintiff's RFC and proceed with steps four and five.

9              B.        The Court need not address plaintiff's additional assignments of error

10             In light of the Court's conclusion that the ALJ committed harmful error at step three, it

11   would be premature to address plaintiff's additional assignments of error.  Nevertheless, if it is

12   necessary on remand to reexamine plaintiff's RFC, the Court directs the ALJ to specifically

13   consider whether plaintiff's severe impairment of substance addiction disorder is disabling and

14   whether it is appropriate to apply the drug abuse and alcoholism analysis articulated by the

15   Ninth Circuit.  *See Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

16                              VIII.   CONCLUSION

17             For the foregoing reasons, the Court recommends that this case be REVERSED and

18   REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

19   instructions.  A proposed order accompanies this Report and Recommendation.

20             DATED this 18th day of February, 2014.

21

22                                         *James P. Donohue*
                                           _____
23                                         JAMES P. DONOHUE
                                           United States Magistrate Judge
24

REPORT AND RECOMMENDATION - 10